Jack Stanislaw, J.
Plaintiff Town of Huntington seeks a temporary injunction to prevent the use of certain premises as a multiple dwelling unless fire escapes he installed pending the disposition of its action for a permanent injunction.
Section 26 of the Multiple Residence Law requires a fire escape for each multiple residence of three or more stories in height. Defendant corporation, the owner of this building, has pointed ■out that the structure consists of two floors which are used for residential purposes, and an attic which is not. It is defendant’s contention that this attic does not constitute a third floor so as to bring these premises within the purview of the statute.
Apparently plaintiff’s order to show cause is the initial and only step taken thus far to remedy the situation presented. But in its zeal to effectuate the most immediate abatement of the hazard to the public welfare and safety by means of injunction. *312 because 1 ‘ Repeated criminal prosecutions do not afford complete satisfactory relief ”, plaintiff has placed itself in an untenable position. Since the statute provides penalties for violations as misdemeanors only 30 days after service of a notice or order to remove them without compliance (Multiple Residence Law, § 304), and this approach is not satisfactory, then it must be assumed that this proceeding falls within the provisions of section 305, that the dwelling is a nuisance. However, the latter section also requires service of a notice or order to remove within 30 days (or less). This latter section provides that if compliance is not forthcoming the nuisance may be corrected by the authorities at the owner’s expense. Nevertheless, the owner is entitled to request a hearing prior to the expiration of the compliance period. Moreover, the manner and method of service of such notice or order is prescribed in section 306. The need for some notice is undeniable in view of this section and those cited (supra). It is quite obvious that this proceeding, instituted by order to show cause on three days’ notice, is beyond either of the specific statutory methods provided for enforcement of the requirements imposed by the Multiple Residence Law, whether or not it ultimately be applicable in this case.
The effect of defendant’s possession of a certificate of occupancy does not negate any proceedings that may be properly had hereafter. It is stated in the statute (Multiple Residence Law, § 302, subd. 5) simply that no claim may be made against a good faith purchaser of a multiple dwelling that a violation existed as to such dwelling “ prior to the issuance of such certificate. ’ ’
As to that issue relating to the application of the statute to this particular building of two stories and one attic (whether or not it is technically three stories in height), the question has been insufficiently presented to afford any determination at this time. In any event, it need not be resolved now in view of the foregoing. The request for injunction pendente lite is denied and the proceeding dismissed without prejudice.